IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON SECREASE,

    Petitioner,                    No. 2:09-cv-0299 JFM (HC)

    vs.

JAMES WALKER, Warden,         ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

                                  /

        Petitioner is a state prisoner proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 17, 2009, respondent filed a motion to dismiss. Petitioner failed to file a timely opposition to the motion.[1] On September 25, 2009, hearing on the motion to dismiss was vacated, and petitioner was granted twenty days in which to file an opposition. Twenty days have now passed, and petitioner has again failed to file an opposition to the motion to dismiss.

        Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

        Petitioner was convicted on February 26, 1998. On February 21, 2001, the California Court of Appeal held that the trial court failed to exercise its discretion to reduce

---

[1] On October 28, 2009, petitioner filed a three page document entitled "Opposition to Motion to Dismiss," but pages one and two are blank except for the case caption. Page three is the first page of a document entitled "Declaration of Pat Hearnton in Support of Opposition to Motion to Dismiss." Id. Petitioner's filing is untimely and incomplete.

1  petitioner's sentence from life imprisonment without possibility of parole to a term of 25 years to
2  life. (Case No. A084777). The state court vacated the sentence and remanded the matter for
3  resentencing. The conviction was confirmed in all other respects.
4        On March 30, 2001, petitioner filed a petition for writ of habeas corpus in the
5  California Supreme Court, which was denied on June 13, 2001.
6        On April 2, 2001, petitioner filed a petition for review in case number A084777.
7  On June 13, 2001, the California Supreme Court issued an order denying the petition.
8        On January 3, 2002, the state trial court re-sentenced petitioner to prison for the
9  indeterminate term of life without possibility of parole on the murder count, and again stayed
10 sentence on the remaining count. Petitioner filed a timely appeal and, on December 11, 2002, the
11 California Court of Appeal affirmed the sentence in case number A097806.
12       On January 21, 2003, petitioner filed a petition for review in case number
13 A097806. On January 25, 2003, the California Supreme Court denied the petition. (Petr's Ex.
14 C.)
15       On February 24, 2004, petitioner, through counsel, filed the original petition for
16 writ of habeas corpus in the United States District Court for the Northern District of California.
17 On April 14, 2004, the district court granted petitioner's motion to hold the petition in abeyance.
18       On December 6, 2007, petitioner filed a petition for writ of habeas corpus in the
19 California Supreme Court pleading unexhausted claims. On July 23, 2008, the California
20 Supreme Court sent notice to counsel that the petition had been denied.
21       On September 11, 2008, petitioner filed an amended petition in federal district
22 court. On December 10, 2008, petitioner moved to change venue. On February 3, 2009, the
23 action was transferred to this court.
24                                RESPONDENT'S MOTION TO DISMISS
25       Respondent asserts that the amended petition should be stricken because
26 petitioner failed to comply with the thirty day time limit required under <u>Rhines v. Weber</u>, 544

U.S. 269, 277 (2005).  In the alternative, respondent argues that the novel claims 2, 3, 6, 8, 16 and one unnumbered claim involving cumulative prejudice from ineffective assistance of counsel (AP at 63) of the amended petition must be dismissed as they were not exhausted until after the one-year statute of limitations and do not relate back to any claim alleged in the original petition. Respondent argues that the Supreme Court's decision in <u>Mayle v. Felix</u>, 545 U.S. 644 (2005), mandates dismissal of the new claims at issue.

        Petitioner has filed no opposition, despite having received an extension of time in which to file an opposition.  (September 25, 2009 Minute Order.)

ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the present case, filed in 2004.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

Under AEDPA, petitioner had one year from the date his state judgment became final by the conclusion of direct review to file a habeas corpus petition in federal court.  28 U.S.C. § 2244(d)(1)(A).  In the instant case, direct review concluded on May 26, 2003, when the time to file a petition for writ of certiorari in the California Supreme Court from the second appeal expired.  See U.S.S.Ct. Rule 13 (90 days to petition for writ of certiorari).  Therefore, absent any tolling, petitioner had until May 26, 2004, to file a timely habeas corpus petition in federal court.  See Patterson v Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner's amended petition was filed on September 11, 2008, over four years after the statute of limitations expired.  Thus, all new claims alleged in the amended petition are barred by the AEDPA statute of limitations unless some other statutory provision applies, equitable tolling is warranted, or the new claims relate back to the original claims.  Petitioner has not argued that any provision of § 2244(d) other than § 2244(d)(1)(A) is applicable, and the court finds that no other provision applies.  Petitioner is not entitled to statutory tolling by virtue of his 2007 filing in the California Supreme Court because it was filed over three years after the statute of limitations had expired.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).  Thus, this court need not decide whether petitioner was entitled to equitable tolling for any period after 2004.

Moreover, respondent's argument that petitioner's new claims do not relate back to the original claims and therefore must be dismissed under Mayle are well-taken.

Finally, on April 14, 2004, the district court directed petitioner to file his state exhaustion petition within thirty days.  Petitioner was cautioned that if he failed to timely file the

state petition, the court would proceed with the original petition.  The record reflects that petitioner did not file his state exhaustion petition until December 6, 2007, over three years later.  This delay was unreasonable under binding Supreme Court authority.  <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005).  Petitioner has provided no explanation for the delay.

In light of the above, respondent's motion to dismiss should be granted, the amended petition should be stricken, and this action should proceed on the original petition filed February 24, 2004.

Accordingly, IT IS ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's August 17, 2009 motion to dismiss (#28) be granted.

2. The September 11, 2008 amended petition be stricken.

3. This action proceed on petitioner's February 24, 2004 original petition.

4. Within thirty days of any order of the district court adopting the instant findings and recommendations, respondent shall file an answer.  Thirty days thereafter, petitioner may file a traverse.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after these findings and recommendations are served, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2009.

UNITED STATES MAGISTRATE JUDGE

001;secr0299.mtd

5