IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON SECREASE,

    Petitioner,   No. 2:09-cv-0299 JAM JFM (HC)

  vs.

JAMES WALKER, Warden,

    Respondent.   FINDINGS AND RECOMMENDATIONS

_____/

Petitioner is a state prisoner proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, age 17 at the time of the crime, challenges his conviction of first degree murder with a special circumstance allegation that the murder was committed while he was engaged in, or was an accomplice in, the commission of carjacking, and of the separate crime of carjacking. Two personal use of a firearm enhancements were found not true. Plaintiff was sentenced to life without the possibility of parole. This was his first criminal conviction.

On August 17, 2009, respondent filed a motion to dismiss. After being granted leave to file a late opposition, petitioner filed an opposition to the motion, and respondent has filed a reply. (Docket Nos. 32 & 37.)

Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

Petitioner was convicted on February 26, 1998. On February 21, 2001, the California Court of Appeal held that the trial court failed to exercise its discretion to reduce petitioner's sentence from life imprisonment without possibility of parole to a term of 25 years to life. (Case No. A084777). The state court vacated the sentence and remanded the matter for resentencing. The conviction was confirmed in all other respects.

On March 30, 2001, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The California Supreme Court, sitting *en banc*, denied the petition on June 13, 2001, without comment. (Docket No. 11-3, Ex. A.)

On April 2, 2001, petitioner filed a petition for review in case number A084777. On June 13, 2001, the California Supreme Court, *en banc*, issued an order denying the petition without comment. (Docket No. 11-3, Ex. B.)

On January 3, 2002, the state trial court re-sentenced petitioner to prison for the indeterminate term of life without possibility of parole on the murder count, and again stayed sentence on the remaining count. Petitioner filed a timely appeal and, on December 11, 2002, the California Court of Appeal affirmed the sentence in case number A097806.

On January 21, 2003, petitioner filed a petition for review in case number A097806. On February 25, 2003, the California Supreme Court, sitting *en banc*, denied the petition without comment. (Docket No. 11-3, Ex. C.)

On February 24, 2004, petitioner, through counsel, filed the original petition for writ of habeas corpus in the United States District Court for the Northern District of California. On April 12, 2004, the district court granted petitioner's motion to hold the petition in abeyance. However, the district court expressly ordered petitioner to file his state exhaustion petition within 30 days from April 12, 2004, and warned petitioner that failure to timely file his state petition would result in this action proceeding on the original petition. (Docket No. 9.)

/////

On December 6, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court pleading unexhausted claims. (Docket No. 11-4, Ex. R.)  On June 11, 2008, the California Supreme Court denied the petition, citing In re Clark (1993) 5 Cal.4th 750; In re Robbins (1998) 18 Cal.4th 770, 780. (Docket No. 11-4, Ex. R.) On July 23, 2008, the California Supreme Court sent notice to counsel that the petition had been denied.

On September 11, 2008, petitioner filed an amended petition ("AP") in federal court. On December 10, 2008, petitioner moved to change venue. On February 3, 2009, the motion to change venue was granted and the action was transferred to this court.

RESPONDENT'S MOTION TO DISMISS

Respondent asserts that the amended petition should be stricken because petitioner failed to comply with the district court's April 12, 2004 order requiring petitioner to file his state exhaustion petition within 30 days from the date of that order, and failed to comply with the thirty day time limit required under Rhines v. Weber, 544 U.S. 269, 277 (2005). In the alternative, respondent argues that the novel claims 2, 3, 6, 8, 16 and one unnumbered claim involving cumulative prejudice from ineffective assistance of counsel on the amended petition must be dismissed as they were not exhausted until after the one-year statute of limitations and do not relate back to any claim alleged in the original petition. Respondent argues that the Supreme Court's decision in Mayle v. Felix, 545 U.S. 644 (2005), mandates dismissal of the new claims at issue.

Petitioner argues that application of the statute of limitations to him will result, and has resulted, in a miscarriage of justice because petitioner is actually innocent of first-degree murder. Schlup v. Deleo, 513 U.S. 298 (1995). Petitioner presents a detailed discussion of the evidence that was presented at trial and the new evidence that allegedly demonstrates his innocence, and contends he diligently pursued his rights but extraordinary obstacles, including the ineffective assistance of trial counsel and financial hardship, prevented him from exhausting his state court remedies in a timely fashion. Petitioner further contends he is entitled to equitable

3

tolling for the over three year period it took to exhaust his state court remedies. Petitioner contends that extraordinary circumstances beyond his control made it impossible to file a timely amended petition during that time. Petitioner cites his age at the time of the crime (17), the failure of his defense counsel to put on any defense, his inability to afford the hiring of an investigator or an expert, and the need to conduct sufficient investigation to exhaust state court remedies properly.

Finally, petitioner argues that all the claims in his amended petition relate back to the original petition. Petitioner grounds this argument on his view of the "common core of operative facts" and the assertion that all of his new claims are merely new legal theories based on the same factual evidence that comprises the common core of operative facts underlying the claims alleged in the original petition.

## ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the present case, filed in 2004. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

    Under AEDPA, petitioner had one year from the date his state judgment became final by the conclusion of direct review to file a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1)(A). In the instant case, direct review concluded on May 26, 2003, when the time to file a petition for writ of certiorari in the California Supreme Court from the second appeal expired. See U.S.S.Ct. Rule 13 (90 days to petition for writ of certiorari). Therefore, absent any tolling, petitioner had until May 26, 2004, to file a timely habeas corpus petition in federal court. See Patterson v Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

    First, neither party has addressed whether it is appropriate to apply Rhines v. Weber, 544 U.S. 269 (2005) retroactively to the instant action. This action was stayed on April 12, 2004 before Rhines issued. However, in light of the district court's express order that petitioner was required to file his state exhaustion petition within thirty days from April 12, 2004, and petitioner's failure to file his state petition until December 6, 2007, his amended petition is untimely pursuant to the April 12, 2004 district court order.

    His amended petition is also untimely under the statute of limitations. Petitioner's amended petition was filed on September 11, 2008, over four years after the statute of limitations expired. Thus, all new claims alleged in the amended petition are barred by the AEDPA statute of limitations unless some other statutory provision applies, equitable tolling is warranted, or the new claims relate back to the original claims. Petitioner has not argued that any provision of

§ 2244(d) other than § 2244(d)(1)(A) is applicable, and the court finds that no other provision applies. Petitioner is not entitled to statutory tolling by virtue of his 2007 filing in the California Supreme Court because it was filed over three years after the statute of limitations had expired. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

II. Relation Back of New Claims

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. See also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(2) (providing that the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings").

Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding. Mayle v. Felix, 545 U.S. 644, ___, 125 S. Ct. 2562, 2569 (2005).[1] Under Rule 15(c), a petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Id. (citing Fed. R. Civ. P. 15(c)(2)).

---

[1] The decision in Mayle was applied by the Supreme Court to the parties in that case and therefore "must be applied by the courts retroactively to all pending cases not barred by procedural requirements or res judicata." Gray v. First Winthrop Corp., 989 F.2d 1564, 1572 (9th Cir. 1993) (citing James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 111 S.Ct. at 2448 (1991)). It must therefore be applied to this case.

In <u>Mayle v. Felix</u>, 545 U.S. 644 (2005), the United States Supreme Court held that claims raised in an amended habeas corpus petition filed after expiration of the limitations period relate back to claims raised in a timely petition only if the claims "are tied to a common core of operative facts." <u>Id.</u> at 664. The fact that the claims arise from the same trial, conviction or sentence, without more, is insufficient to support relation back of the claims. <u>Id</u>. New claims do not relate back if they depend upon events separate in both "time and type" from those set forth in the original pleading. <u>Id.</u> at 650. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence" will consist of each separate set of facts that supports a ground for relief. <u>Id.</u> at 2573. <u>See also</u> <u>United States v. Ciampi</u>, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), <u>cert.</u> <u>denied</u>, ___U.S.___, 126 S. Ct. 2906 (2006). Applying these principles in <u>Mayle</u>, the Supreme Court ruled that the petitioner's new claim did not relate back to his original claim because the new claim arose from the petitioner's own pretrial interrogation and was different in time and place from his original claim, which arose from the pretrial police interrogation of a witness. <u>Id.</u>, 125 S. Ct. at 2572-73.

In a footnote, the <u>Mayle</u> Court cited two proper examples of "relating back." <u>Id.</u> The first involved an original challenge to the prosecution's failure to comply with its obligation to provide exculpatory materials to the defense and an amended petition raising the failure to provide a particular report. <u>Id.</u> at 2575 n.7. The Court noted that both pleadings "related to evidence obtained at the same time by the same police department." <u>Id.</u> The second involved an original petition challenging the trial court's admission of a witness' recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show the statements had been recanted; the Supreme Court quoted the lower court's recognition that relation back

/////

would be appropriate if the new claim was based on the same facts as the original pleading, but only changed the legal theory. Id.

An amended petition that "expand[s] upon or clarif[ies] facts previously alleged" may relate back under this standard. United States v. Hicks, 283 F.3d 380, 388 (D.C.Cir.2002); Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir.2001); see also Laurore v. Spencer, 396 F.Supp.2d 59, 62-63 & n.1 (D. Mass 2005) (noting that Hicks remains good law after Mayle). The Ninth Circuit has not addressed the question of relation back of habeas claims in a published decision since Mayle.

The court turns to a comparison of the claims raised in petitioner's original petition and those raised in his amended petition. The claims alleged in the original petition are as follows:

> 1. In violation of the due process clause of the Fourteenth Amendment, the evidence was insufficient to convict petitioner of carjacking and first degree murder.
>
> 2. In violation of petitioner's Sixth Amendment right to effective assistance of counsel, the trial court erred in failing to hold a Marsden hearing.
>
> 3. The trial court erred in excluding Ericc Pickett's out-of-court statements.
>
> 4. The trial court erred in excluding evidence about Ericc Pickett which showed that petitioner had reason to fear Pickett.
>
> 5. Petitioner was denied his federal constitutional right to testify under the Fifth, Sixth and Fourteenth Amendments, rendering his convictions unconstitutional.
>
> 6. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel by defense counsel's failure to present a defense, failure to call witnesses, inter alia.
>
> 7.[2] In violation of the state and federal constitutional provisions for due process and to be free from cruel and unusual punishment, the trial court erred in failing to instruct the jury on the elements of

---

[2] The original petition erroneously numbers this claim as 8, which also misnumbered claim 8. However, claim 9 is properly numbered in the original petition.

      the lesser included offense of taking a vehicle under Vehicle Code § 10851.

      8. The third party culpability instruction impermissibly shifted the burden of proof, in violation of the federal constitutional right to due process.

      9. There was insufficient evidence that petitioner acted as a major participant with reckless indifference to human life requiring reversal of the special circumstance finding.

      10. Petitioner's sentence must be vacated because the jury verdicts do not reflect a special circumstance finding.

      11. In violation of his federal and state constitutional rights to due process, petitioner was convicted of an offense not charged in the information.

      12. Conviction for carjacking, necessarily included in the offense of first degree murder while engaged in commission of carjacking, is barred.

      13. Trial counsel's failure to request a mistrial and dismissal of the entire jury panel constituted ineffective assistance of counsel.

      14. Trial counsel's failure to advise petitioner that the ultimate decision over whether to testify was his own to make rendered his waiver of that right involuntary and counsel's representation ineffective, in violation of the Fifth, Sixth and Fourteenth Amendments of the federal constitution.

      15. The cumulative effect of the errors deprive petitioner of due process and requires reversal, even if the prejudice flowing from each error alone is insufficient to undermine confidence in the verdicts.

Id.

      In the motion to dismiss, respondent contends that claims 2, 3, 6, 8, 16, and one unnumbered claim, do not relate back to the original petition. Those claims are:

      2. Trial counsel's failure to present or investigate a defense of duress despite strong evidence that this was petitioner's most robust and viable defense denied petitioner effective counsel.

      3. Trial counsel's failure to investigate petitioner's mental state and failure to discover that petitioner suffered from post-traumatic stress denied petitioner effective counsel.

      6. Trial counsel did not object to introduction of incomplete song lyrics, where introduction of complete lyrics would have altered

9

> meaning of the lyrics introduced and thus changed the evidentiary value of the testimony.
>
> 8. Trial counsel failed to object to repeated misstatements of testimony by the prosecution.
>
> 16. The third party culpability instruction impermissibly shifted the burden of proof, in violation of the federal constitutional right to due process.

Id. The unnumbered claim involved cumulative prejudice from ineffective assistance of counsel. (AP at 63.)

Petitioner argues that claims 2, 3, 6, 8 and the unnumbered claim stem from the common core of operative facts underlying the claims alleged in the original petition.

After careful consideration of petitioner's original and amended petitions, as well as the parties' arguments, the undersigned finds that petitioner's claim 2 of the amended petition relates back to his claim 6 of the original petition. Amended claim 2 raises a claim that defense counsel failed to investigate or present a defense of duress. Petitioner argues that this claim relates to original claim 6. There is no mention in the original petition of the defense of duress. However, petitioner included a claim that trial counsel was ineffective for failing to put on a defense. (Pet. at 10, Claim 6; Pet. at 30, Claim F.) The failure to put on a defense claim can be proven by demonstrating the defense that trial counsel should have brought. Indeed, a habeas petitioner could not be expected to win a failure to put on a defense claim unless he can demonstrate a viable defense existed. Moreover, petitioner is also required to demonstrate prejudice under Strickland, and petitioner would again have to demonstrate a viable defense existed in order to show prejudice. Strickland v. Washington, 466 U.S. 688, 693-94 (1984) Because a proposed defense would be intertwined with petitioner's failure to put on a defense claim, this court finds that amended claim 2 relates back to the original petition both in time and type as it would require analysis of the core of operative facts petitioner would have to prove to establish ineffective assistance of counsel based on trial counsel's failure to put on a defense.

/////

1           In claim 3 of the amended petition, petitioner contends defense counsel failed to

2    investigate petitioner's mental state and to discover that petitioner suffered from post-traumatic

3    stress.  The substance of this claim relates back to petitioner's claim Two F.  (Pet. at 30.)

4                  Trial counsel's failure to put on a defense resulted in a lost
               opportunity to dissipate the commonly held myth that once a

5                  person is out of a situation of immediate peril that they would go
              straight to the police.  [¶]  [Petitioner] suffered from post traumatic

6                  stress syndrome complicated by fear of an individual that he knew
              was extremely violent who had threatened his life.  [This issue was

7                  being prepared by Dr. L. Wornian for [petitioner].  However, Dr.
              Wornian suffered a life threatening illness and was hospitalized for

8                  a substantial period.  He will not be able to complete the work.
              Counsel has contacted another forensic psychiatrist who is

9                  assisting.  Once she has completed her declaration [petitioner] will
              file his Writ in the California Supreme Court.]

10

11    (Pet. at 30.)  Petitioner concedes that at the time of the filing of the original petition, a mental

12    examination of petitioner had not been conducted, and the examination and evaluation were

13    delayed by the untimely illness suffered by Dr. Wornian.  (Opp'n at 20.)

14           Other courts have held, post-Mayle, that an ineffective assistance of counsel claim

15    relating to the subject of an existing claim relates back to the existing claim under Fed. R. Civ. P.

16    15(c)(2).  For example, one district court held that a claim that defense counsel was ineffective

17    for failing to obtain psychiatric records to use at a competency hearing related back to the claim

18    defense counsel was ineffective for failing to make a timely motion for a competency hearing.

19    Torres v. Graham, 2007 WL 1233555 *4 (E.D.N.Y.2007).  In Gonzales v. Baca, 2007 WL

20    1174698 (N.D.Cal.2007), the district court held that ineffective assistance of counsel claims

21    based on the original jury instruction and competency exam evidence claims related back, citing

22    Mayle, 545 U.S. at 664 n.7 (relation back applies when underlying facts are the same and only

23    the legal theory changes).  In Chism v. Adams, 2006 WL 3762109 (E.D.Cal.2006) (CIV

24    S-03-1793 MCE KJM), the district court held that new ineffective assistance of counsel claims

25    related back to the original claims because the "claims flow from the same time in the

26    proceedings and are based on related theories."  Chism, 2006 WL 3762109 at *4.

Here, the psychologist opines that petitioner suffered from post traumatic stress syndrome. Trial counsel's failure to put on a defense deprived petitioner of the opportunity to present evidence of his mental state or that he suffered from post traumatic stress syndrome. Trial counsel's failure to investigate his mental state relates back to claim Two F of the original petition. Respondent's sole objection that amended claim 3 involves the defense of duress and therefore does not relate back, is overruled as noted above.

In his amended claim 6, petitioner contends trial counsel did not object to introduction of incomplete song lyrics, where introduction of complete lyrics would have altered the meaning of the lyrics introduced and thus changed the evidentiary value of the testimony. However, in the original petition, petitioner raises many allegations concerning the song lyrics. For example, petitioner alleges there was no investigation concerning what the song lyrics meant, no in limine motion was filed regarding introduction of the actual song lyrics or to determine what the lyrics actually meant, and defense counsel failed to object to the prosecution's mis-stating Ms. Patton's testimony concerning the song lyrics. On this record, respondent's application of Mayle is too narrow. Amended claim 6 expands or clarifies facts previously alleged. Amended claim 6 relates back to the original petition.

As to amended claim 8, respondent argues that it involves trial counsel's alleged failure to object to prosecutorial misconduct in the form of misstatement of testimony and is unrelated to any claim raised in the original petition. (Mot. at 8.) However, in Claim Two A of the original petition, following a recitation of the record where the prosecutor mis-quotes Ms. Patton as testifying, "I'm going to pull a lick or do a lick?", petitioner states "An objection should have been made to this question." (Pet. at 23.) Thus, claim 8 relates back to claim Two A of the original petition.

Claim 16 of the amended petition is verbatim of claim 8 contained in the original petition and thus respondent will be required to answer claim 16 of the amended petition.

/////

1    As to the unnumbered claim, petitioner contends the cumulative errors of trial counsel was not set forth as a separate claim, but was intended to be included in the analysis of the prejudice prong of Strickland in the context of ineffective assistance of counsel.  Petitioner states the issue of cumulative error was included in the original petition first in claim 15 but specifically in claim 2A.  Review of original petition claim 15, however, reflects that it challenged "a series of trial errors," (id. at 20), and did not specifically address ineffective assistance of counsel.  (Id.)  Thus, this issue would not relate back to claim 15.

The subheading for original petition claim 2 states:

> TRIAL COUNSEL COMMITTED MANY ERRORS THAT, TAKEN INDIVIDUALLY AND COLLECTIVELY, ESTABLISH A "REASONABLE PROBABILITY" THAT CONFIDENCE IN THE VERDICT HAS BEEN UNDERMINED

Id. at 23.  Petitioner then sets forth various subclaims asserting trial counsel:  (a) lacked understanding of the Rules of Evidence (Claim 2A); (b) had inadequate cross-examination skills (Claim 2B); (c) failed to investigate the source of the song lyric described at trial (Claim 2C); (d) ineptly cross-examined state witnesses (Claim 2D); failed to investigate and provide petitioner's employment record (Claim 2E); and failed to put on a defense or to allege petitioner suffered post traumatic stress syndrome (Claim 2F).  Id. at 23-30.

This court finds that the recitation of the supporting facts contained within the subclaims, taken together with the subheading, were sufficient to put respondent on notice of this issue.  Respondent shall respond to this claim in its answer.

Because this court has found that all of the disputed claims relate back to the original petition, the court need not reach petitioner's actual innocence arguments or the issue of equitable tolling.

In light of the above, respondent's motion to dismiss should be denied.  This action will proceed on the amended petition, and respondent will be directed to file an answer.

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's August 17, 2009 motion to dismiss (#28) be denied.

2. This action shall proceed on the September 11, 2008 amended petition.

3. Within thirty days of any order of the district court adopting the instant findings and recommendations, respondent shall file an answer. Thirty days thereafter, petitioner may file a traverse.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2010.

_[signature]_
UNITED STATES MAGISTRATE JUDGE

001;secr0299.mtd3