IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON SECREASE,

    Petitioner,                      No. 2:09-cv-0299 JAM DAD P

    vs.

RANDY GROUNDS, et al.,

    Respondents.                ORDER

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed in the above-captioned action a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion to stay pending exhaustion of state court remedies.

        Petitioner's original petition for federal habeas relief filed in this action was denied on November 22, 2011 and judgment was entered on the same day. (ECF Nos. 74 and 75.) Petitioner filed a notice of appeal on December 20, 2011 (ECF No. 76) and his appeal is currently pending in the United States Court of Appeals for the Ninth Circuit. Petitioner represents that the Ninth Circuit has expanded the appointment of his new counsel to including litigation and exhaustion of new constitutional claims that arose following the decision of the United States Supreme Court in Miller v. Alabama, 567 U.S. ___, 132 S. Ct. 2455 (2012) and that he is presently exhausting those claims in the California Supreme Court. (See Motion to

1  Stay filed May 30, 2013 (ECF No. 83), at 4.)  Review of the appellate docket demonstrates that
2  petitioner's appeal has been stayed pending such exhaustion.  (See Ninth Circuit Court of
3  Appeals Docket # 11-18038.)  Petitioner has apparently filed the instant petition and motion to
4  stay out of concern that the statute of limitations may run on his new claims.  (See Motion to Stay
5  (ECF No. 83) at 3.)

6        As an initial matter, the successive petition should have been filed as a new action
7  in this court and not in this closed case.  Good cause appearing, the Clerk of the Court will be
8  directed to remove the notice of appearance and the petition filed May 30, 2013 (ECF Nos. 81
9  and 82), as well as the motion to stay (ECF No. 83) from this action and to open a new habeas
10  action with those documents.  Said new action should be assigned to the undersigned and to the
11  district judge assigned to this action.  (See Local Rule 190.)

12        Second, in order to proceed with the new action to be opened in accordance with
13  this order petitioner requires authorization from the Ninth Circuit.  See 28 U.S.C. § 2244(b).
14  While that court has granted petitioner permission to exhaust new claims in state court, petitioner
15  has not yet presented this court with the required authorization to proceed with those claims.  For
16  that reason, the new action will be stayed and petitioner will be directed to file a motion to lift the
17  stay within ten days of receipt of any order by the Ninth Circuit granting leave to proceeding with
18  the successive petition for habeas relief before this court.  Petitioner's motion to stay under
19  Rhines v. Weber, 544 U.S. 269 (2005) (ECF No. 83) is mooted by this order and will therefore
20  be denied.

21        In accordance with the above, IT IS HEREBY ORDERED that:

22        1. The Clerk of the Court is directed to remove ECF Nos. 81, 82, and 83 from the
23  record in this action and to open a new action with those documents and a copy of this order.
24  Said new action shall be assigned to the undersigned and to the Honorable John A. Mendez.

25        2. The new action shall be stayed until further order of court.  Within ten days of
26  receipt of any order by the Ninth Circuit granting leave to proceed with the successive petition

pursuant to 28 U.S.C. § 2244(b), petitioner shall file in that action a motion to lift the stay. Said motion shall be accompanied by said order from the Ninth Circuit and, as appropriate, the $5.00 filing fee for a habeas corpus action or a motion for leave to proceed in forma pauperis. Petitioner is advised that the new action will not proceed further unless and until a motion to stay is filed in accordance with this order and granted by the court.

        3. Petitioner's motion to stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) is denied as moot.

DATED: July 30, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
secr09cv0299.o